UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **SUSAN JOHNSON,** individually and on behalf of her minor son **B.L.**, and on behalf of **DERRICK THOMPSON**, deceased.<br><br>    Plaintiff<br><br>    v.<br><br>**CITY OF BIDDEFORD, BIDDEFORD POLICE DEPARTMENT,** a Municipal Corporation organized and existing under the laws of the State of Maine; **MAINE DEPARTMENT OF PUBLIC SAFETY,** a state agency organized under the laws of the State of Maine; **JOHN E. MORRIS**, individually and as the Commissioner of the Maine Department of Public Safety, **ROGER P. BEAPURE,** individually and as Chief of Biddeford Police Department; **EDWARD DEXTER**, individually and as an employee of the Biddeford Police Department; **JACOB WOLTERBEEK**, individually and as an employee of the Biddeford Police Department; and **JANE DOE(S),**<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOW COMES** Plaintiff, Susan Johnson, by and through counsel, Kristine C. Hanly, Esq. And complains against Defendant as follows:

**JURISDICTIONAL**

1. This action arises under 42 United States Code (U.S.C.) §§1983, 1985 and 1988; The First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; Article 1 Sections 1, 6 and 6-A of the Maine Constitution; 5 M.R.S.A. § 4682 (The Maine Civil Rights Act); 15 M.R.S.A. § 704; and 14 M.R.S.A. § 8101 *et seq.* (The Maine Tort Claims Act).

2. This Honorable Court has original jurisdiction of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This Honorable Court may exercise supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

4. This Honorable Court wields jurisdiction over each Defendant herein pursuant to 14 M.R.S.A. § 704-A in that each Defendant is domiciled in the State of Maine.

## VENUE

5. Venue is properly before this Court pursuant to 28 U.S.C. § 1391 and Rule 9(a) of the rules of the United States District Court for the District of Maine in that all acts complained of occurred in York County, Maine.

## PARTIES

6. Plaintiff, Susan Johnson is a citizen of the United States and a resident of Maine, residing in Biddeford. Susan Johnson is a Plaintiff individually, and on behalf of Derrick Thompson, her deceased son, as his representative. Finally she is a Plaintiff on behalf of her minor son, B.L.

7. Defendant, Officer Edward Dexter, police officer, was at all times mentioned herein a duly appointed and acting police officer of the police department of the city of Biddeford.

8. At all times herein Defendant Officer Edward Dexter was acting in the capacity of an agent, servant, and employee of the City of Biddeford and the State of Maine.

9. Defendant, Officer Jacob Wolterbeek, police officer, was at all times mentioned herein a duly appointed and acting police officer of the police department of the city of Biddeford.

10. At all times herein Officer Jacob Wolterbeek was acting in the capacity of an agent, servant, and employee of the City of Biddeford and the State of Maine.

11. Defendant "Jane Doe", or two separate female "Jane Does" were at all times mentioned herein duly appointed and acting police officer or dispatch employee of Biddeford Police Department and at all times herein were acting in such capacity as the agent, servant, and employees of said agencies.

12. The true names and capacities of Defendants captioned "Jane Doe" are presently unknown to Plaintiff. The Plaintiff is informed and believes and based on such belief alleges that each of said Defendants is responsible for the damages suffered by the Plaintiff.

13. Defendant Chief Roger P. Beaupre at all times relevant was and is currently responsible for training, supervision, and conduct of Defendant officers as more fully set forth below.

14. Defendant Chief Roger P. Beaupre is further responsible for enforcing the regulations of Biddeford Police Department, making and enforcing police department polices that protect the constitutional rights of citizens, and for ensuring that the City of Biddeford police officers obey the laws of the State of Maine and the United States of America.

15. Defendant Commissioner John E. Morris is Commissioner of the Maine Department of Public Safety.

16. Defendant Commissioner John E. Morris was at all relevant times and still is responsible for the implementing, developing, and monitoring of policies concerning the training, supervisions and conduct of Defendants as more fully set forth below.

17. Defendant Maine Department of Public Safety is a State agency organized under the laws of the State of Maine. The Maine Department of Public Safety is responsible for training of officers through the Criminal Justice Academy as well as responsible for overseeing the Regional

Communications Centers that handle emergency dispatch calls.

18. Plaintiff sues all the defendants in their individual, as well as official capacities, and all governmental entities have been served with Plaintiff's Notice of claim, pursuant to the Maine Tort Claims Act.

## STATEMENT OF FACTS

19. Shortly before 6:00pm on December 29, 2012 Derrick Thompson called and requested police assistance at 17 Sokokis Road, Biddeford, Maine.

20. In his call Derrick Thompson indicated that his landlord (later identified as James Pak) was making death threats to and pointing his finger like a gun at Derrick Thompson.

21. Officers Dexter and Wolterbeek from Biddeford police department arrived and spent approximately 40 minutes speaking with Derrick Thompson, Susan Johnson and James Pak in their respective apartments.

22. During his conversation with James Pak Officer Dexter and/or Wolterbeek witnessed Pak making verbal threats about Derrick Thompson, Susan Johnson and/or Alivia Welch. Pak indicated he was upset about the parking situation with his tenant, Susan Johnson, her son, Derrick Thompson and Thompson's girlfriend, Alivia Welch. Officer Dexter and/or Wolterbeek spent significant time discussing with Pak that landlord-tenant matters are civil in nature, and the officer cannot order anybody to move their car. James Pak admitted to threatening to shoot Thompson, Johnson and/or Welch. Officer Dexter and/or Wolterbeek responded by telling Pak that he can't make those types of threats.

23. James Pak's emotional state continued to heighten while speaking with Officer Dexter and/or Wolterbeek. James Pak told the Officer that he had a gun and if the Officer didn't do something about the parking "there is going to be a bloody mess" and that "they would see it in the news."

24. Neither responding officer searched for weapons in James Pak's apartment. Neither responding officer arrested James Pak for the threats made to Derrick Thompson, Susan Johnson and/or Alivia Welch. The Officers cleared the scene.

25. Within minutes of the Officers leaving, James Pak had entered Susan Johnson's apartment and shot Susan Johnson, Derrick Thompson and Alivia Welch.

26. Derrick Thompson and Alivia Welch died as a result of the gunshots.

27. Susan Johnson survived and suffered bodily injury. While she was awaiting rescue, an unknown female officer or dispatch officer ("Jane Doe") spoke with James Pak. Pak admitted to Jane Doe that he had committed the shootings and that he was in his apartment and still armed with a gun. Jane Doe told Pak that Susan Johnson was still alive.

28. B.L. was in his brother Derrick's bedroom. He heard the shots, the victims screaming, and the aftermath of the response.

29. When Officers responded, B.L. was carried over the body of his brother, Derrick, Alivia

Welch, and his mother, Susan Johnson.  B.L.  did not know whether any of his family had survived.

30.  Officers brought B.L. to a stranger's house where he was left for a period of time.

31.  Officers failed to identify the location of B.L. which led to B.L. 's father searching for him while Susan Johnson was receiving treatment at the hospital.

32.  Eventually, an Officer returned B.L.  to the police department and he was reunited with his father.

33.  Members of the Biddeford Police Department failed to develop and/or follow appropriate procedures to address threats from citizens.

34.  Members of the Biddeford Police Department failed to develop and/or follow appropriate procedures to address the aftermath of a shooting.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1985

35.  Plaintiffs herein incorporate each and every allegation and averments contained in Paragraphs 1 through 34 as fully set forth herein.

36.  Defendants acted in concert to commit acts against the Plaintiff to deny the protections guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

37.  Defendants' actions inflicted a wrong and/or resulted in damages.

38. Defendants' actions showed a deliberate, malicious, reckless or callous disregard of, or indifference to, the rights of Plaintiffs.

**WHEREFORE,** Plaintiffs respectfully pray that this Honorable Court issue judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a.  An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b.  Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of conduct.

c.  An award of pre-judgment interest from the earliest date allowed by law at the highest rate allowable by law.

d.  Costs and attorneys fees to the extent allowable by law.  *See* 42 U.S.C. §1988.

e.  Such further relief as the Court deems proper and just.

## COUNT II
## VIOLATION OF 42 U.S.C. §1983 -DEFENDANT EDWARD DEXTER

39.  Plaintiffs herein incorporate each and every allegation and averment contained in

paragraphs 1 through 38 as fully set forth herein.

40. Defendant Edward Dexter unreasonably and/or intentionally committed acts and/or omissions while acting under color of state law that violated Plaintiffs' clearly established rights to bodily integrity and their rights to pursue a claim for the deprivation of these rights as enumerated by the Fourth Amendment to the United States constitution and Plaintiffs' analogous rights under the Maine Constitution.

41. A reasonable person would have known that the acts and/or omission committed by Defendant Edward Dexter violated Plaintiff's rights as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

42. The unlawfulness of Defendant's actions and/or omissions were apparent at the time they were committed in light of pre-existing law.

43. Defendant's actions showed a deliberate, malicious, reckless or callous disregard of, or indifference to, the rights of Plaintiffs.

**WHEREFORE,** Plaintiffs respectfully pray that this Honorable Court issue judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a. An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b. Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of conduct.

c. An award of pre-judgment interest from the earliest date allowed by law at the highest rate allowable by law.

d. Costs and attorneys fees to the extent allowable by law. *See* 42 U.S.C. §1988.

e. Such further relief as the Court deems proper and just.

## COUNT III
## VIOLATION OF 42 U.S.C. §1983 -DEFENDANT JACOB WOLTERBEEK

44. Plaintiffs herein incorporates each and every allegation and averment contained in paragraphs 1 through 43 as fully set forth herein.

45. Defendant Edward Dexter unreasonably and/or intentionally committed acts and/or omissions while acting under color of state law that violated Plaintiffs' clearly established rights to bodily integrity and her right to pursue a claim for the deprivation of these rights as enumerated by the Fourth Amendment to the United States constitution and Plaintiff's analogous rights under the Maine Constitution.

46. A reasonable person would have known that the acts and/or omission committed by Defendant Edward Dexter violated Plaintiff's rights as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

47. The unlawfulness of Defendant's actions and/or omissions were apparent at the time they were committed in light of pre-existing law.

48. Defendant's actions showed a deliberate, malicious, reckless or callous disregard of, or indifference to, the rights of Plaintiffs.

**WHEREFORE,** Plaintiffs respectfully pray that this Honorable Court issue judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a. An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b. Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of conduct.

c. An award of pre-judgment interest from the earliest date allowed by law at the highest rate allowable by law.

d. Costs and attorneys fees to the extent allowable by law.  *See* 42 U.S.C. §1988.

e. Such further relief as the Court deems proper and just.

## COUNT IV
## VIOLATION OF 42 U.S.C. § 1983 DEFENDANT-ROGER P. BEAUPRE

49. Plaintiffs herein incorporate each and every allegation and averment contained in paragraphs 1 through 48 as fully set forth herein.

50. Upon information and belief, Defendant Chief Beaupre should have known that Defendants Dexter, Wolterbeek and Jane Doe(s) were lacking the appropriate skills to deal with a violent citizen.

51. Defendant Chief Beaupre failed to adequately supervise and train Defendants Dexter, Wolterbeek and Doe(s) to reduce the risk of harm Defendants present to the public.

52. Upon information and belief, any reasonably well-trained supervisor would have recognized that Defendants, absent proper training regarding handling of volatile situations, would cause harm to the public.

53. Defendant Beauregard's conduct and/or inaction in supervising and training the Defendants amounts to deliberate, reckless or callous disregard to the constitutional rights of others, including Plaintiff.

**WHEREFORE,** Plaintiffs respectfully pray that this Honorable Court issue judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a. An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

    b. Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of conduct.

    c. An award of pre-judgment interest from the earliest date allowed by law at the highest rate allowable by law.

    d. Costs and attorneys fees to the extent allowable by law. *See* 42 U.S.C. §1988.

    e. Such further relief as the Court deems proper and just.

## COUNT V
## VIOLATION OF 42 U.S.C. § 1983 DEFENDANT-JOHN MORRIS

54. Plaintiffs herein incorporate each and every allegation and averment contained in paragraphs 1 through 53 as fully set forth herein.

55. Defendant John Morris was at all times mentioned herein responsible as the commissioner of Maine Public Safety.

56. Upon information and belief, Defendant Morris provided inadequate training of Defendants Beaupre, Dexter, Wolterbeek and Doe(s) at the Maine Criminal Justice Academy.

57. Upon information and belief, Defendant Morris provided inadequate training of Defendants Doe(s) through the Regional Communication Center.

58. A reasonable person would have known that the acts and/or omission committed by Defendant Morris violated Plaintiff's rights as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

59. The unlawfulness of Defendant's actions and/or omissions were apparent at the time they were committed in light of pre-existing law.

60. Defendant's actions showed a deliberate, malicious, reckless or callous disregard of, or indifference to, the rights of Plaintiff.

**WHEREFORE,** Plaintiffs respectfully pray that this Honorable Court issue judgment in favor of Plaintiffs and against Defendants, and award Plaintiff the following relief:

    a. An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

    b. Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of conduct.

    c. An award of pre-judgment interest from the earliest date allowed by law at the highest rate allowable by law.

  d. Costs and attorneys fees to the extent allowable by law.  *See* 42 U.S.C. §1988.

  e. Such further relief as the Court deems proper and just.

### COUNT VI
### WRONGFUL DEATH 18-A M.R.S.A. §2-804

 61. Plaintiffs herein incorporates each and every allegation and averment contained in paragraphs 1 through 60 as fully set forth herein.

 62. Plaintiff Johnson is the personal representative of Derrick Thompson.

 63. Defendants' aforementioned actions and/or omissions caused the death of Derrick Thompson.

 **WHEREFORE,** Plaintiffs respectfully pray that this Honorable Court issue judgment in favor of Plaintiffs and against Defendants, and award Plaintiff the following relief:

  a. An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

  b. Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of conduct.

  c. An award of pre-judgment interest from the earliest date allowed by law at the highest rate allowable by law.

  d. Costs and attorneys fees to the extent allowable by law.

  e. Such further relief as the Court deems proper and just.

### COUNT VII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

 64. Plaintiff herein incorporates each and every allegation and averment contained in paragraphs 1 through 63 as fully set forth herein.

 65. Defendants have intentionally or recklessly inflicted severe emotional distress upon Derrick Thompson, prior to his death, or knew it was certain or substantially certain that such distress would result from their conduct.

 66. Defendants' conduct was so extreme and outrageous as to exceed the bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

 67. Defendants' actions caused Plaintiff emotional distress that is so severe that no reasonable person should be expected to endure it.

 **WHEREFORE,** Plaintiff respectfully prays that this Honorable Court issue judgment in favor

of Plaintiff and against Defendants, and award Plaintiff the following relief:

    a.  An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

    b.  Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of conduct.

    c.  An award of pre-judgment interest from the earliest date allowed by law at the highest rate allowable by law.

    d.  Costs and attorneys fees to the extent allowable by law.

    e.  Such further relief as the Court deems proper and just.

## COUNT VIII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

68.  Plaintiff herein incorporates each and every allegation and averment contained in paragraphs 1 through 67 as fully set forth herein.

69.  The Defendants owed a duty to the Plaintiff, Derrick Thompson because a special relationship existed between Defendants and Plaintiff and/or Defendants have committed another tort.

70.  Defendants breached their duty to Plaintiff.

71.  Plaintiff suffered severe emotional distress that is so severe that no reasonable man should be expected to endure it.

72.  Defendants' conduct caused the Plaintiff's emotional distress.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court issue judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

    a.  An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

    b.  Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of conduct.

    c.  An award of pre-judgment interest from the earliest date allowed by law at the highest rate allowable by law.

    d.  Costs and attorneys fees to the extent allowable by law.

    e.  Such further relief as the Court deems proper and just.

## COUNT IX

## ASSAULT AND BATTERY

73. Plaintiff herein incorporates each and every allegation and averment contained in paragraphs 1 through 72.

74. Defendants' aforementioned actions and/or omissions caused Plaintiff Susan Johnson to sustain injuries from her gunshot wounds.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court issue judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a. An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b. Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of conduct.

c. An award of pre-judgment interest from the earliest date allowed by law at the highest rate allowable by law.

d. Costs and attorneys fees to the extent allowable by law.

e. Such further relief as the Court deems proper and just.

## COUNT X
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75. Plaintiff herein incorporates each and every allegation and averment contained in paragraphs 1 through 74 as fully set forth herein.

76. Defendants have intentionally or recklessly inflicted severe emotional distress upon Susan Johnson, or knew it was certain or substantially certain that such distress would result from their conduct.

77. Defendants' conduct was so extreme and outrageous as to exceed the bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

78. Defendants' actions caused Plaintiff, Susan Johnson, emotional distress that is so severe that no reasonable person should be expected to endure it.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court issue judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a. An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b. Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of conduct.

    c.  An award of pre-judgment interest from the earliest date allowed by law at the highest rate allowable by law.

    d.  Costs and attorneys fees to the extent allowable by law.

    e.  Such further relief as the Court deems proper and just.

## COUNT XI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

79.  Plaintiff herein incorporates each and every allegation and averment contained in paragraphs 1 through 78 as fully set forth herein.

80.  The Defendants owed a duty to the Plaintiff, Susan Johnson because a special relationship existed between Defendants and Plaintiff and/or Defendants have committed another tort.

81.  Defendants breached their duty to Plaintiff.

82.  Plaintiff suffered severe emotional distress that is so severe that no reasonable man should be expected to endure it.

83.  Defendants' conduct caused the Plaintiff's emotional distress.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court issue judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

    a.  An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

    b.  Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of conduct.

    c.  An award of pre-judgment interest from the earliest date allowed by law at the highest rate allowable by law.

    d.  Costs and attorneys fees to the extent allowable by law.

    e.  Such further relief as the Court deems proper and just.

## COUNT XII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

84.  Plaintiff herein incorporates each and every allegation and averment contained in paragraphs 1 through 83 as fully set forth herein.

85.  Defendants have intentionally or recklessly inflicted severe emotional distress upon B.L., or knew it was certain or substantially certain that such distress would result from their conduct.

86.  Defendants' conduct was so extreme and outrageous as to exceed the bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

87. Defendants' actions caused Plaintiff emotional distress that is so severe that no reasonable person should be expected to endure it.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court issue judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a. An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b. Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of conduct.

c. An award of pre-judgment interest from the earliest date allowed by law at the highest rate allowable by law.

d. Costs and attorneys fees to the extent allowable by law.

e. Such further relief as the Court deems proper and just.

## COUNT XIII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

88. Plaintiff herein incorporates each and every allegation and averment contained in paragraphs 1 through 87 as fully set forth herein.

89. The Defendants owed a duty to the Plaintiff, B.L., because a special relationship existed between Defendants and Plaintiff and/or Defendants have committed another tort.

90. Defendants breached their duty to Plaintiff.

91. Plaintiff suffered severe emotional distress that is so severe that no reasonable man should be expected to endure it.

92. Defendants' conduct caused the Plaintiff's emotional distress.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court issue judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a. An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b. Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of conduct.

c. An award of pre-judgment interest from the earliest date allowed by law at the highest rate allowable by law.

d. Costs and attorneys fees to the extent allowable by law.

  e. Such further relief as the Court deems proper and just.

## JURY REQUEST

  Plaintiff hereby requests a Jury Trial.

Dated at Portland, Maine, this 10th day of July, 2017.

                   /s/ Kristine C. Hanly, Maine Bar 4500
                   _____
                   Kristine C. Hanly, Esq.
                   Attorney for Susan Johnson

HANLY LAW
217 Commercial St., Suite 205
Portland, ME 04101
(207) 699-2278