# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

Civil Action No. 17-cv-00264-JDL

| | |
|---|---|
| SUSAN JOHNSON, individually and on behalf of her minor son Brayden Langevin, and on behalf of DERRICK THOMPSON, deceased,<br>    Plaintiff<br><br>v.<br><br>CITY OF BIDDEFORD, BIDDEFORD POLICE DEPARTMENT, a Municipal Corporation organized and existing under the laws of the State of Maine; MAINE DEPARTMENT OF PUBLIC SAFETY, a state agency organized under the laws of the State of Maine; JOHN E. MORRIS, individually and as the Commissioner of the Maine Department of Public Safety; ROGER BEAUPRE, individually and as Chief of Biddeford Police Department; EDWARD DEXTER, individually and as an employee of the Biddeford Police Department; JACOB WOLTERBEEK, individually and as an employee of the Biddeford Police Department and JANE DOE,<br>    Defendants | **DEFENDANTS, CITY OF BIDDEFORD, ROGER BEAUPRE, EDWARD DEXTER AND JACOB WOLTERBEEK'S ANSWER AND JURY CLAIM** |

The defendants, City of Biddeford, Roger Beaupre, Edward Dexter and Jacob Wolterbeek answer the plaintiff's Complaint as follows:

1. The defendants neither admit or deny paragraph 1 as same is a statement of jurisdiction.

2. The defendants neither admit or deny paragraph 2 as same is a statement of jurisdiction.

3. The defendants neither admit or deny paragraph 3 as same is a statement of jurisdiction.

4. The defendants neither admit or deny paragraph 4 as same is a statement of jurisdiction.

5. The defendants neither admit or deny paragraph 5 as same is a statement of venue.

6. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 6.

7. The defendants admit the allegations contained in paragraph 7.

8. The defendants neither admit or deny paragraph 8 as same calls for a conclusion of law. To the extent that factual allegations are asserted against them, the defendants deny same.

9. The defendants neither admit or deny paragraph 9 as same calls for a conclusion of law. To the extent that factual allegations are asserted against them, the defendants deny same.

10. The defendants neither admit or deny paragraph 10 as same calls for a conclusion of law. To the extent that factual allegations are asserted against them, the defendants deny same.

11. The defendants neither admit or deny paragraph 11 as same makes reference to unknown individuals.

12. The defendants neither admit or deny paragraph 12 as same makes reference to unknown individuals.

13. The defendants admit that the defendant Beaupre at all times relevant to the allegations in the Complaint was the Chief of Police and employed by the City of Biddeford. The defendants neither admit or deny the remainder of paragraph 13 as same calls for conclusions of law.

14. The defendants admit that the defendant Beaupre at all times relevant to the allegations in the Complaint was the Chief of Police and employed by the City of Biddeford. The defendants neither admit or deny the remainder of paragraph 14 as same calls for conclusions of law.

15. The defendants neither admit or deny paragraph 15 as same is not directed to them.

16. The defendants neither admit or deny paragraph 16 as same is not directed to them.

17. The defendants neither admit or deny paragraph 17 as same is not directed to them.

18. The defendants deny the allegations contained in paragraph 7.

19. The defendants admit that the referenced individual called the Police Department.

20. The defendants deny the allegations contained in paragraph 20.

21. The defendants admit the allegations contained in paragraph 21.

22. The defendants admit police personnel answered and spoke to the individuals referenced. The defendants deny the remainder of paragraph 22.

23. The defendants deny the allegations contained in paragraph 23.

24. The defendants admit no arrests were made and the police personnel left the location.

25. The defendants admit the allegations contained in paragraph 25.

26. The defendants admit the allegations contained in paragraph 26.

27. The defendants admit that the plaintiff survived and that police personnel spoke to the referenced individual. The defendants deny the remainder of paragraph 27.

28. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 28.

29. The defendants deny the allegations contained in paragraph 29.

30. The defendants admit B.L. was removed from the apartment. The defendants deny the remainder of paragraph 30.

31. The defendants deny the allegations contained in paragraph 31.

32. The defendants admit B.L. was reunited with his father.

33. The defendants deny the allegations contained in paragraph 33.

34. The defendants deny the allegations contained in paragraph 34.

### Count I

35. Defendants reassert their responses to Paragraphs 1 through 34 as if they are fully incorporated herein.

36. The defendants deny the allegations contained in paragraph 36.

37. The defendants deny the allegations contained in paragraph 37.

38. The defendants deny the allegations contained in paragraph 38.

### Count II

39. Defendants reassert their responses to Paragraphs 1 through 38 as if they are fully incorporated herein.

40. The defendants deny the allegations contained in paragraph 40.

41. The defendants deny the allegations contained in paragraph 41.

42. The defendants deny the allegations contained in paragraph 42.

43. The defendants deny the allegations contained in paragraph 43.

### Count III

44. Defendants reassert their responses to Paragraphs 1 through 43 as if they are fully incorporated herein.

45. The defendants deny the allegations contained in paragraph 45.

46. The defendants deny the allegations contained in paragraph 46.

47. The defendants deny the allegations contained in paragraph 47.

48. The defendants deny the allegations contained in paragraph 48.

### Count IV

49. Defendants reassert their responses to Paragraphs 1 through 48 as if they are fully incorporated herein.

50. The defendants deny the allegations contained in paragraph 50.

51. The defendants deny the allegations contained in paragraph 51.

52. The defendants deny the allegations contained in paragraph 52.

53. The defendants deny the allegations contained in paragraph 53.

### Count V

54. Defendants reassert their responses to Paragraphs 1 through 53 as if they are fully incorporated herein.

55. The Defendants neither admit or deny the allegations contained in paragraph 55 as same is not directed to them.

56. The Defendants neither admit or deny the allegations contained in paragraph 56 as same is not directed to them.

57. The Defendants neither admit or deny the allegations contained in paragraph 57 as same is not directed to them.

58. The Defendants neither admit or deny the allegations contained in paragraph 58 as same is not directed to them.

59. The Defendants neither admit or deny the allegations contained in paragraph 59 as same is not directed to them.

60. The Defendants neither admit or deny the allegations contained in paragraph 60 as same is not directed to them.

### Count VI

61. Defendants reassert their responses to Paragraphs 1 through 60 as if they are fully incorporated herein.

62. The defendants deny the allegations contained in paragraph 62 pending the outcome of their Partial Motion to Dismiss.

63. The defendants deny the allegations contained in paragraph 63 pending the outcome of their Partial Motion to Dismiss.

**Count VII**

64. Defendants reassert their responses to Paragraphs 1 through 63 as if they are fully incorporated herein.

65. The defendants deny the allegations contained in paragraph 65 pending the outcome of their Partial Motion to Dismiss.

66. The defendants deny the allegations contained in paragraph 66 pending the outcome of their Partial Motion to Dismiss.

67. The defendants deny the allegations contained in paragraph 67 pending the outcome of their Partial Motion to Dismiss.

**Count VIII**

68. Defendants reassert their responses to Paragraphs 1 through 67 as if they are fully incorporated herein.

69. The defendants deny the allegations contained in paragraph 69 pending the outcome of their Partial Motion to Dismiss.

70. The defendants deny the allegations contained in paragraph 70 pending the outcome of their Partial Motion to Dismiss.

71. The defendants deny the allegations contained in paragraph 71 pending the outcome of their Partial Motion to Dismiss.

72. The defendants deny the allegations contained in paragraph 72 pending the outcome of their Partial Motion to Dismiss.

### Count IX

73. Defendants reassert their responses to Paragraphs 1 through 72 as if they are fully incorporated herein.

74. The defendants deny the allegations contained in paragraph 74.

### Count X

75. Defendants reassert their responses to Paragraphs 1 through 74 as if they are fully incorporated herein.

76. The defendants deny the allegations contained in paragraph 76 pending the outcome of their Partial Motion to Dismiss.

77. The defendants deny the allegations contained in paragraph 77 pending the outcome of their Partial Motion to Dismiss.

78. The defendants deny the allegations contained in paragraph 78 pending the outcome of their Partial Motion to Dismiss.

### Count XI

79. Defendants reassert their responses to Paragraphs 1 through 78 as if they are fully incorporated herein.

80. The defendants deny the allegations contained in paragraph 80 pending the outcome of their Partial Motion to Dismiss.

81. The defendants deny the allegations contained in paragraph 81 pending the outcome of their Partial Motion to Dismiss.

82. The defendants deny the allegations contained in paragraph 82 pending the outcome of their Partial Motion to Dismiss.

83. The defendants deny the allegations contained in paragraph 83 pending the outcome of their Partial Motion to Dismiss.

### Count XII

84. Defendants reassert their responses to Paragraphs 1 through 83 as if they are fully incorporated herein.

85. The defendants deny the allegations contained in paragraph 85.

86. The defendants deny the allegations contained in paragraph 86.

87. The defendants deny the allegations contained in paragraph 87.

### Count XII

88. Defendants reassert their responses to Paragraphs 1 through 87 as if they are fully incorporated herein.

89. The defendants deny the allegations contained in paragraph 89.

90. The defendants deny the allegations contained in paragraph 90.

91. The defendants deny the allegations contained in paragraph 91.

92. The defendants deny the allegations contained in paragraph 92.

WHEREFORE, the Defendants demand judgment in their favor together with costs and attorney's fees.

### JURY DEMAND

WHEREFORE, the defendants demand a trial by jury on all counts.

## AFFIRMATIVE DEFENSES

### FIRST

The Plaintiff has failed to state a claim for which relief may be granted.

### SECOND

The Plaintiff has failed to commence this action within the applicable statute of limitations and thus the claims must be dismissed.

### THIRD

The Plaintiff has failed to effectuate proper service of process upon the Defendants.

### FOURTH

Any damages or injuries that the plaintiff may have suffered were caused by a person or persons for whose conduct the defendant is not legally responsible.

### FIFTH

The individual Defendants acted objectively reasonably under the circumstances and, thus, are qualified immune from liability.

### SIXTH

Any alleged damages or injuries suffered by the plaintiff were caused by an individual, individuals or an entity for which the defendants are not legally responsible.

### SEVENTH

The plaintiff has failed to provide proper presentment of claim as a prerequisite to suit.

### EIGHTH

A **municipality** is immune from punitive damages under 42 USC §1983. *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 263 (1981).

## NINTH

The Plaintiff was contributory or comparatively negligent and such percentage of negligence equaled or exceeded any alleged negligence of the Defendants.

## TENTH

The Defendants acted with probable cause and legal justification.

## ELEVENTH

The named Defendant, Biddeford Police Department, is not a legal entity subject to suit for any alleged wrongs.

Respectfully submitted,
Defendants, City of Biddeford, Biddeford Police Department, Roger P. Beaupre, Edward Dexter and Jacob Wolterbeek,
By their attorney,

Douglas I. Louison (BBO# 008288)
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street, 4th Floor
Boston, MA 02110
(617) 439-0305
dlouison@lccplaw.com