UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SUSAN JOHNSON, individually and on behalf of her minor son, B.L., and on behalf of Derrick Thompson, deceased, et al., | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) 2:17-cv-00264-JDL<br>)<br>) |
| CITY OF BIDDEFORD, et al., | )<br>) |
| Defendants. | ) |

## PROCEDURAL ORDER

On April 25, 2022, following remand from the United States Court of Appeals for the First Circuit, the Defendants—the City of Biddeford, Roger P. Beaupre, and Edward Dexter—filed a renewed motion for summary judgment (ECF No. 113) on all remaining claims made against them. Oral argument was held on the motion on July 27, 2022.

In its decision, the First Circuit provided the following direction and guidance:

> The district court should address on remand whether Officer Dexter is entitled to qualified immunity and may choose to address the second step of the qualified immunity inquiry before addressing whether Officer Dexter violated the plaintiffs' substantive due process rights under the state-created danger doctrine.

*Welch v. City of Biddeford Police Dep't.*, 12 F.4th 70, 77 (1st Cir. 2021). The second step of the qualified immunity inquiry is whether "the unlawfulness of [the

Government officials'] conduct was 'clearly established at the time.'" *Irish v. Fowler*, 979 F.3d 65, 76 (1st Cir. 2020) (citations omitted).

The parties' memoranda of law filed in connection with the Defendants' renewed motion for summary judgment do not address the existence and relevance of case law outside of the First Circuit as of December 2012 discussing police conduct similar to the conduct alleged in this case. Accordingly, the parties are directed to further brief the Court on relevant decisions that demonstrate whether it was clearly established in December 2012 that the state-created danger doctrine applied to claims based on an officer's decision to withdraw from a situation in which serious threats of violence had been made by a third-party, without taking effective action to protect or warn the targets of those threats.

The parties shall submit memoranda of law in accordance with the following schedule:

1. The Defendants' supplemental briefing shall be filed by Friday, August 26, 2022. This briefing shall not exceed twenty (20) pages.

2. The Plaintiffs' response shall be filed by Friday, September 16, 2022. This briefing shall not exceed twenty (20) pages.

3. The Defendants' reply shall be filed by Friday, September 23, 2022. This briefing shall not exceed seven (7) pages.

**SO ORDERED.**

**Dated: July 28, 2022.**

                                                                            /s/ JON D. LEVY
                                                       **CHIEF U.S. DISTRICT JUDGE**